# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DUCEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[1] Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:19-cv-00792-BAM <br><br> **ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE** <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** <br><br> **FOURTEEN (14) DAY DEADLINE** |

## INTRODUCTION

Plaintiff Scott Ducey, Jr. ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations to the District Court.

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court will recommend that the agency's determination to deny benefits be affirmed.

## FACTS AND PRIOR PROCEEDINGS

On January 11, 2016, Plaintiff protectively filed an application for SSI alleging disability

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

beginning May 18, 1989.  AR 155-161.[2]  Plaintiff's application was denied initially and on reconsideration and Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ").  AR 85-97, 100-102.  ALJ Trevor Skarda held a hearing on March 1, 2018, and issued an order denying benefits on June 21, 2018.  AR 12-46.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-11, 153-154.  This appeal followed.

**Relevant Hearing Testimony**

The ALJ held a hearing on March 1, 2018, in Stockton, California.  Plaintiff appeared in person with his attorney, Sharon Kelly.  Impartial Vocational Expert ("VE") Stephen Schmidt also appeared.  AR 32.

At the hearing, Plaintiff requested to amend his onset date to January 11, 2016. In response to questioning by his attorney, Plaintiff testified that he has never worked. He lives with his mother in a two-story townhouse although he sometimes stays with his girlfriend. Plaintiff does not have his own room at his mother's house, and he is not able to go upstairs. AR 36-38.

When asked about his impairments, Plaintiff testified that he uses a wheelchair due to swelling in his ankles as well as a cyst in his right hip that makes him lean to the side. The swelling in his ankles makes it difficult for him to stand up and walk. He is taking water pills but has not seen any improvement. Plaintiff also has problems with fluid in his other joints, including his elbows, shoulders, and fingers. He has difficulty using his fingers and described the pain in his hands when they are swollen as a nine out of ten. Plaintiff also has a thyroid problem and sees a pulmonologist for sleeping issues. AR 36-39

Plaintiff testified that he typically falls asleep every fifteen to twenty minutes. He can walk from his front door to the street before his ankles start feeling sore. His pain increases during cold weather and he testified that he had difficulty standing due to the cold. Plaintiff does not have much difficulty sitting, although occasionally his left hip will hurt while he is sitting. Plaintiff further testified that he was not currently taking narcotic pain killers although he had taken them in the past.

---

[2]  References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

He does not like narcotic pain killers due to the risk of addiction and uses ibuprofen for pain control and to reduce swelling. AR 39-40.

When asked about his daily activities, Plaintiff testified that his household chores include occasionally folding clothes, washing dishes, and helping his girlfriend watch children as part of her work. Plaintiff does not have difficulty washing dishes because he is able to sit while doing it, but when it is cold he is not able to wash dishes due to swelling in his joints. His girlfriend helps him bathe, gets his clothes ready, and sometimes puts his socks on. Plaintiff does not cook or drive. He knows how to take the bus. AR 40-42.

In response to questioning by the ALJ, Plaintiff testified that he smoked marijuana from ages 14 through 28 but no longer smokes marijuana and instead ingests edible marijuana to help with pain. Plaintiff did not yet have a CPAP machine but was scheduled to receive one. Plaintiff testified that he and his girlfriend like to go on road trips to San Francisco, go to the beach, drive around the streets, and look at artwork. They go on these types of road trips every other month although recently they haven't gone as often due to Plaintiff's issues with his bones. AR 42-44.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE, Stephen Schmidt. The ALJ asked the VE to assume an individual of Plaintiff's age, education, and work experience who is limited to sedentary work, may occasionally climb ramps or stairs, may never climb ladders, ropes, or scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl. This individual must avoid concentrated exposure to extreme cold, excessive vibration, pulmonary irritants, and hazards, defined as operation of dangerous, moving machinery, as well as unprotected heights. The VE testified that there would be work available as an order clerk or in assembly.  AR 44.

For the second hypothetical, the ALJ asked the VE to assume the same individual described in the first hypothetical, except this individual can stand and walk one to two hours in an eight-hour day and can sit for four hours in an eight-hour day. The VE testified there would be no work available. AR 44-45.

For the third hypothetical, the ALJ asked the VE to assume an individual would be absent one to two times per month. The VE testified there would be no work available. AR 45.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to the Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 12-31. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 11, 2016, the application date. AR 17. Further, the ALJ identified thyroid disorder, hypothyroid, chronic pain, and obesity as severe impairments. AR 17-19. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 20. Based on a review of the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except Plaintiff can climb ramps or stairs no more than occasionally, can never climb ladders, ropes, or scaffolds, can balance, stoop, kneel, crouch, and crawl no more than occasionally, and must avoid concentrated exposure to extreme cold, excessive vibration, pulmonary irritants, and hazards, defined as operation and control of dangerous moving machinery and working at unprotected heights. AR 20-25. Plaintiff had no past relevant work, was defined as a younger individual age 18-44 on the date the application was filed, had at least a high school education, and was able to communicate in English. AR 25. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 26-27. The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, since January 11, 2016, the date the application was filed. AR 27.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff contends that the ALJ erred by (1) not finding Plaintiff's "low oxygen/fatigue" was a severe impairment; (2) failing to address the impact of Plaintiff's fatigue on the RFC; and (3) improperly evaluating Plaintiff's subjective complaints. (Doc. No. 17.)

**A. The ALJ did not err in identifying Plaintiff's severe impairments.**

Plaintiff contends that the ALJ erred by not finding his "low oxygen/fatigue" to be a severe

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

impairment because there were objective medical findings in the record indicating that Plaintiff experienced fatigue and shortness of breath. (Doc. No. 17 at 4-5.) In response, the Commissioner argues that any failure to find Plaintiff's "low oxygen/fatigue" to be a severe impairment was immaterial because the ALJ considered all functional limitations established by the reliable medical evidence regardless of severity of impairment. (Doc. No. 18 at 7.)

In order to be entitled to benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment is "severe" if it significantly limits a claimant's ability to perform basic work activities for at least a consecutive twelve-month period. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); SSR 96–3p, 2018 WL 3461816 (June 14, 2018). In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. *See Smolen v. Chater,* 80 F.3d 1273, 1289–90 (9th Cir.1996); *see also* 42 U.S .C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.

An impairment, or combination of impairments, can be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *See* SSR 85–28, 1985 WL 56856 (Jan. 1, 1985); *see also Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28). The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. *See* 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. *See id.* Indeed, "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir.1993).

Here, the ALJ found that Plaintiff had the severe impairments of thyroid disorder, hypothyroid, chronic pain, and obesity. AR 17. Plaintiff fails to establish that his "low oxygen/fatigue" was a severe impairment under the regulatory definition. Although Plaintiff provided medical evidence indicating he experienced shortness of breath and fatigue, this alone is insufficient to warrant a finding of a severe impairment at step two, as the mere existence of an impairment, or even multiple impairments,

does not establish severity. *Matthews,* 10 F.3d at 680; *see also Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)) ("[T]he claimant must show more than the mere presence of a condition or ailment."); *Holaday v. Colvin*, 2016 WL 880971, at *12 (E.D. Cal. Mar. 8, 2016) ("The mere fact that plaintiff was diagnosed with such conditions is, by itself, insufficient to demonstrate that they were 'severe' for step two purposes."); *Mahan v. Colvin*, 2014 WL 1878915, at *2 (C.D. Cal. May 12, 2014) ("[A] mere diagnosis does not establish a severe impairment.").

In support of his contention that his "low oxygen/fatigue" limited his ability to do basic work activities, Plaintiff cites to complaints of fatigue and shortness of breath to his primary care providers, reports that in September of 2017 he borrowed his parent's supplemental oxygen, and hearing testimony that he falls asleep easily. (Doc. No. 17 at 5.) However, Plaintiff's own reports of his symptoms are insufficient to establish that he was unable to perform basic work activities.

Furthermore, "[s]tep two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987))." The purpose of the step two finding is not "to identify the impairments that should be taken into account when determining the RFC." *Id.* Instead, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* (citations omitted.) Here, the ALJ summarized the evidence Plaintiff identifies in his brief and took Plaintiff's shortness of breath and fatigue in to account in developing the RFC as discussed below. Moreover, step two was decided in Plaintiff's favor and any alleged error would therefore be harmless. *See id; Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding that a failure to identify an impairment as severe at step two is harmless where the ALJ considers any limitations posed by the impairment at step four).

**B.     The ALJ properly addressed Plaintiff's fatigue in developing the RFC.**

Plaintiff further asserts that the ALJ erred in failing to address Plaintiff's limitations caused by fatigue in developing the RFC. (*Id.* at 5-6.) The Court disagrees.

Although the ALJ is not required to discuss every piece of evidence in the record, *see Gonzalez v. Sullivan,* 914 F.2d 1197, 1200–01 (9th Cir.1990), the ALJ properly summarized the evidence and

7

discussed the impairments Plaintiff identifies in his brief. AR 22-25.  In developing the RFC, the ALJ noted that Plaintiff was examined by a pulmonologist in August 2017 and complained of shortness of breath, excessive somnolence in the daytime, and snoring at nighttime. During the examination, the provider, Dr. Chopra, noted scattered rhonchi and occasional wheezing with decreased breath sounds at the bases. The pulmonologist ordered a chest X-ray, a CPAP sleep study, and recommended he continue to take his medications as prescribed. The ALJ further noted that the X-Rays showed coarsened markings and areas of mild consolidation in the lung bases, but Plaintiff's upper lung fields were clear. Additionally, the ALJ considered the December 2017 diagnostic study from Jonathan S. Davidson, M.D., which showed signs consistent with obstructive sleep apnea.

The ALJ's decision recognizes that Dr. Davidson noted that CPAP titration was necessary to treat Plaintiff's condition and Plaintiff testified that he was planning to get his CPAP machine the week after the hearing. AR 23. Additionally, when evaluating the medical opinion evidence, the ALJ gave the opinions of State agency consultants R. Fast, M.D. and J. Linder, M.D. some weight but found it more appropriate to limit Plaintiff to sedentary work "given his . . . reports of breathing difficulties [and] fatigue[.]" AR 25. Plaintiff has not identified any relevant evidence pertaining to his fatigue or shortness of breath that the ALJ failed to consider. Thus, Plaintiff's contention that the ALJ failed to address Plaintiff's limitations caused by fatigue in developing the RFC is without merit.

C.   **The ALJ properly evaluated Plaintiff's subjective complaints.**

Finally, Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's subjective complaints by failing to provide clear and convincing reasons to discount his testimony.  (Doc. No. 17 at 6-8.) Specifically, Plaintiff contends that "[t]he ALJ's decision mainly focused on Plaintiff's musculoskeletal conditions of low back and hip pain" and "never discusses nor discounts Plaintiff's complaints of fatigue or shortness of breath." (*Id.* at 6.) However, the Court finds that the ALJ adequately provided clear and convincing reasons for discounting Plaintiff's testimony.

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).  First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the

symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but rejected his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 23. The ALJ did not find that Plaintiff was malingering and was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's testimony.

The ALJ first discounted Plaintiff's statements based on the objective medical evidence. AR 21. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ properly linked Plaintiff's symptom testimony that he found not to be credible to particular parts of the record. AR 21-23. The ALJ first summarized Plaintiff's testimony regarding the persistence, intensity, frequency, and limiting effects of his impairments. AR 21. This summary accurately reflected Plaintiff's statements at the hearing and in the record. The ALJ then devoted more than two pages and fourteen paragraphs to detailing the specific medical evidence in the record that did not support that testimony, including medical evidence related to Plaintiff's fatigue and shortness of breath. AR 21-24. "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation ... and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted). In light of the ALJ's discussion and comparison of the relevant testimony to the record, the Court is satisfied that the medical evidence in the record was adequately considered. Thus, the ALJ properly determined that Plaintiff's testimony was inconsistent with the objective evidence.[4]

---

[4] The ALJ further discounted Plaintiff's testimony regarding his pain symptoms because he primarily treats those symptoms with prescription nonsteroidal anti-inflammatory medications and care providers have recommended he engage in physical therapy and a weight loss regimen to improve his condition. AR 24. An ALJ may permissibly consider a claimant's conservative treatment in making an adverse credibility determination. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

The ALJ also discounted Plaintiff's subjective allegations because his reported activities of daily living were not consistent with his alleged limitations. AR 24. An ALJ can properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged. *Molina v. Astrue,* 674 F.3d 1104, 1112–13 (9th Cir. 2012) (an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms" in determining credibility). Even where a plaintiff's activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Id.* at 1113.

Citing *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001), Plaintiff argues that the ALJ erred in discounting Plaintiff's testimony due to inconsistency with his reported daily activities because "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving car [sic], or limited walking for exercise" does not detract from his credibility as to his overall disability "in any way." (Doc. No. 17 at 7.) However, *Vertigan* does not stand for such a broad proposition and the Court does not find this case to directly discredit the ALJ's decision.

In *Vertigan,* the claimant was "able to go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television, and read." *Vertigan,* 260 F.3d at 1049. The ALJ relied on this evidence to conclude that the claimant's daily activities "involved physical functions that were inconsistent with her claims of pain." *Id.* at 1150. The Ninth Circuit determined that this conclusion was not supported by substantial evidence because "these physical activities did not consume a substantial part of [the claimant's] day" and because walking and swimming are activities that one might do for therapeutic reasons despite pain. *Id.* In other cases, the Ninth Circuit has upheld a determination that the claimant's daily activities are inconsistent with testimony regarding the claimant's limitations. *See, e.g., Burch*, 400 F.3d at 680 (upholding adverse credibility determination based on claimant's ability to care for personal needs, cook, clean, shop, manage finances, and interact with boyfriend); *Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for

10

his friend's child was evidence of claimant's ability to work); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1991) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity").

Here, Plaintiff's reports of his daily activities are greater than those in *Vertigan* and are more similar to the claimants in *Burch*, *Morgan*, and *Curry*. In determining that Plaintiff's reported daily activities indicated that he can perform basic work-related activities, the ALJ considered Plaintiff's reports that he has no problems performing personal care, performs some light household chores, uses public transportation, goes out alone, shops in stores, can count change, spends time with others regularly, goes to the movies with friends, and enjoys road trips, drawing, and playing pool and board games. AR 24, 180-184, 295. Considered collectively, this evidence shows that activities requiring skills transferable to the workplace comprise a substantial portion of Plaintiff's typical day. Just as in *Burch*, *Morgan*, and *Curry*, this evidence rationally supports an adverse credibility determination because it undermines Plaintiff's testimony that he is too disabled to perform even sedentary work.

Moreover, the ALJ in *Vertigan* focused primarily on the claimant's daily activities and gave much weight to one statement of her treating physician, even though that statement was conflicted by all of the same physician's other findings. *Vertigan,* 260 F.3d at 1049–50. Such is not the case here. Unlike *Vertigan,* the ALJ in this case did not base his decision to reject Plaintiff's testimony solely on his daily activities. Moreover, unlike *Vertigan,* the ALJ did not rely entirely on one statement of a treating physician that was contradicted by the same physician's other findings. Additionally, *Vertigan* did not hold that it is never acceptable to consider a plaintiff's daily activities in judging a plaintiff's credibility or that daily activities do not have any bearing on a claimant's activities "in any way" as Plaintiff contends. (Doc. No. 17 at 7.) *Vertigan,* 260 F.3d at 1049 ("The factors in [Social Security Ruling] 95–5p include daily activities and the adjudicator's personal observations of the claimant.").

While disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations, where the level of activity is inconsistent with a claimant's claimed limitation, those activities have bearing on the claimant's credibility. *Reddick v. Chater*, 157 F.3d 715, 722 (9th

Cir. 1998).  As the Ninth Circuit explained in *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989), "if [the plaintiff] remains able to perform ordinary household and personal tasks, then he has not carried his burden of proving that his pain prevents him from returning to [work].  While such reasoning may not hold up in all cases . . . it is sufficient here, as [the plaintiff] has not put forward any evidence that reconciles the inconsistency between his words and his actions."  Such circumstances are evident in this case.  The ALJ's decision recognizes that Plaintiff has some work limitations, however, he discredits Plaintiff's testimony that his limitations render him completely unable to work.  AR 24.

The ALJ is the trier of fact and he is permitted to reject testimony regarding subjective symptoms as long as he makes specific findings justifying that decision. *Fair,* 885 F.2d at 604; *see also Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991) ("So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." ); *Hayatgheyb v. Callahan,* 120 F.3d 268 (9th Cir. 1997) (upholding an ALJ's finding that the plaintiff was not credible where he "made sufficient inquiries into [plaintiff's] daily routine and medical and work history, and made specific findings to justify her rejection of his pain testimony[.]" (citations omitted)).  Where the ALJ makes a reasonable interpretation of the claimant's testimony, it is not the Court's role to second-guess it.  *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).  The Court concludes that the ALJ's interpretation was reasonable, and he made the requisite specific findings to reject Plaintiff's subjective symptom testimony.

## ORDER AND RECOMMENDATION

Based on the foregoing, the Clerk of the Court is HEREBY ORDERED to randomly assign a District Judge to this action.

Furthermore, based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be **DENIED** and the Clerk of this Court be **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Scott Ducey, Jr.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 2, 2020**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE